DETERMINED IN

# THE SUPREME COURT

AT

# THE MAY TERM 1874.

(Adjourned from October, 1873.)

ROBERT J. GOLDING, ADMINISTRATOR OF THE ESTATE OF BRADFORD LEONARD, DECEASED, *Respondent v.* WILLIAM JENNINGS, *Appellant.*

APPEALS FROM THE PROBATE COURT.—The right of appeal, both as to its existence and the manner of its exercise, is a creation of Statute, and unless given in express terms, or by necessary implication, it does not exist. At the time the proceedings were had in the case at bar, there existed no right of appeal from the Probate to the District Court, and an attempt to appeal therefrom was a nullity. (See Poland Bill; also Rule 23 of the Supreme Court, ante, 42 Cal., 513; Appeal of S. O. Houghton, 42 Cal., 35.)

NO APPEAL FROM A COURT HAVING NO JURISDICTION.—Any provision of the Statute which undertakes to give an appeal from a Court that has no jurisdiction of the "subject matter" of an action, is as void and nugatory as the provisions which undertake to confer the jurisdiction in the first instance.

JURISDICTION IN CIVIL CASES.—The Probate Court has no jurisdiction in civil cases. (Cast *v.* Cast, ante, p. 112; People *v.* Green, ante, p. 11; Ferris *v.* Higley, 19 Wall., 375.)

PRACTICE ACT REGULATES APPEALS.—The provisions of the Practice Act relating to Appeals in civil cases, repeal all other laws relating thereto.

CERTIORARI.—A writ of *certiorari* is not inhibited to a party aggrieved in all proceedings or actions wherein a right of appeal lies. The right of appeal, in order to defeat the review by *certiorari*, must be adequate to the relief sought. (McKean, C. J., dissenting.)

APPEAL from the Third District Court.

The facts are stated in the Opinion of the Court.

*Sutherland & Bates* for Appellant.

*A. Miner* for Respondent.

EMERSON, J., delivered the Opinion of the Court.

On the 21st day of November, A. D. 1872, the respondent obtained a judgment in a civil action, in the Probate Court of Salt Lake County, against the appellant for $7,148 57-100 damages, and $79 75-100 costs of suit.

Immediately after the rendition of the judgment the appellant filed his undertaking on, and gave notice of, an appeal to the Third District Court.

Subsequently, and on the 27th day of January, 1873, he obtained a writ of *certiorari* to remove the cause from the Probate Court to the Third District Court, upon the ground of a want of jurisdiction in the Probate Court. The writ was served and a return made to the District Court. And on the 25th day of April, 1874, that Court, on motion of the attorney for the respondent, dismissed the *certiorari* and all the proceedings thereon, on the ground as recited in the order of dismissal, "that there is a remedy by appeal from the judgment of the Court below, and therefore none by *certiorari*."

The case comes into this Court by an appeal from this order.

The right of appeal, both as to its existence and the manner of its exercise, is a creature of the statute, and unless given in express terms or by necessary implication it does not exist. I am firmly convinced that at the time these proceedings were had in the Probate Court, there existed no right of appeal to the District Court, and the form that the appellant went through with, with a view to an appeal, if it had existed, was a mere *form* having no validity to it.

It is now well settled, and is no longer an open question, that the Territorial Legislature is restrained by the Organic Act from vesting in the Probate Courts jurisdic-

tion in this class of cases. If there had been no attempt to confer this jurisdiction, no one would contend that there was anything in the law giving the right of appeal in any case where the Probate Court should assume jurisdiction.

Any provisions of the Territorial statute which should undertake to give an appeal from the Probate Court to the District Court in civil and criminal cases, is as void and nugatory as the provision which undertakes to confer the jurisdiction.

There could have been no appeal from the Probate Court to the District Court in civil cases, for other reasons.

When these proceedings were had in the Probate Court, the Practice Act was in force, and by that act judgments in civil actions are to be reviewed on appeal in the mode and manner prescribed in it, and not otherwise.

So that there is no appeal in civil cases except such as is provided for in that act, and there is nowhere in it any provision either in express terms, or by necessary implication, for an appeal from the Probate Court to the District Court. In fact I have been able to find but one reference, in terms, in the whole Act, to the District Courts, and that is in the provision that the Supreme Court may prescribe rules for their government.

This omission on the part of the Territorial Legislature can not be regarded as accidental, but was evidently with the purpose and intent of ignoring these Courts as far as possible, and while they made them subject to rules that might be prescribed by this Court, they did not place the Probate Courts, in which they had attempted to vest a jurisdiction concurrent with that given by the Organic Act to the District Courts, under any supervising power whatever, as to the manner in which they should exercise this extended jurisdiction.

If any right of appeal from the Probate Court in civil cases existed by any law in force, when the writ of

*certiorari* issued in this case, it was a right of appeal to the Supreme Court, and not to the District Court.

But if it should be found that there was some law of the Territory providing for appeals in general from the Probate Court, still I am of the opinion that the writ of *certiorari* was the proper remedy in this case.

The Probate Court had no jurisdiction of the subject matter, and its exercise was a probable usurpation of power. The whole proceedings in that court were *coram non judice.* It had no right to render judgment at all, or to grant an appeal, or to take or file an undertaking on appeal, or to make any order in the case whatever.

By the 435 section of the Practice Act, the writ of *eertiorari* is made the proper remedy in such cases. That raises the jurisdictional question, and none other. The right of the superior courts, under the Act, to review the proceedings of inferior courts, upon *certiorari,* is limited by the very nature of the writ, to cases where the jurisdiction of the lower court is impeached. In this our statute is affirmatory of the common law. True, a jurisdictional question may be raised at any time, and in any stage of the proceedings, as well in the appellate court as in the court of first instance, and when any of the pre requisites to give jurisdiction are found to be wanting, the case will be dismissed. But a dismissal of the case in the District Court is not the relief which the Appellant either sought or was entitled to. If he could by any possibility bring his case into the District Court by an appeal from the Probate Court, all that the court can do, is to dismiss the appeal for want of jurisdiction in the lower court. In effect it would say there is nothing to appeal from.

The object of an appeal is to try a case *de novo,* upon its merits, and is an incident to the right to hear, try and determine in the court whose decision is appealed from.

The power of an inferior appellate court is, not to reverse judgments and correct errors on an appeal, unless that power is expressly given in the language conferring the right of appeal. This action of the court should be

invoked by writ of *certiorari*. This is what the Appellant sought to have done, and I think he had a right to it.

The sections of our Practice Act in relation to granting this writ, are a literal copy of those in the Nevada Act, and we adopt the language of the Supreme Court of that State in the construction to be given them.

"The argument, as I understand, goes to the extent that a *certiorari* is absolutely inhibited to a party aggrieved in all proceedings or actions wherein a right of appeal is given. * * * I do not, however, so understand the law. Such a construction would often defeat the ends of justice. The statute is remedial, designed to confine inferior tribunals and officers within the prescribed limits of their powers, and to correct, in a speedy and economical manner, any abuse of them that may prejudice others. It should receive such a fair and reasonable interpretation as will best secure their objects. The writ of *certiorari* is declared to be "proper in all cases where an inferior tribunal, exercising judicial functions, has exceeded its jurisdiction, and there is no appeal or other plain, speedy and adequate remedy." Like the other remedy referred to in the statute, the appeal also must be adequate to the relief sought. Such a construction does no violence to the language or spirit of this section. An appeal through the means of which errors, though manifest, cannot be corrected, would be a useless ceremony. The law does not require vain things to be done; it does not limit a suitor to a process that is fruitless when it furnishes one that may prove available." (Paul *et al. v.* Armstrong, 1 Nev., 82.)

The judgment and order of the court below in dismissing the writ of *certiorari*, is reversed, and the cause remanded to the Third District Court.

BOREMAN, J., concurred.

McKEAN, C. J., dissented.