## KLOPENSTEIN *v.* WOOLF.

DUE-BILLS PAYABLE GENERALLY ARE NOT PAYABLE AT ANY PARTICULAR PLACE, and an action thereon before a justice should be begun in the precinct where the debtor resides, and not in the precinct where the due-bills are dated and executed.

APPEAL from the third district court. The opinion states the facts.

*Woods & Hoffman*, for the appellant.

This was an action *in rem*, and the court certainly had jurisdiction of the property of the defendant. This is in accordance with the opinion of the court in the case of *Pennoyer* v. *Neff*, 95 U. S. 714. See also *Empire City Bank*, 18 N. Y. 199; *Happy* v. *Mosher*, 48 Id. 213; *Westenseek* v. *Grigg*, 12 Id. 102; *Campbell* v. *Evans*, 45 Id. 356.

Section 1772 of the laws of Utah of 1876 governs in this case, and is directly opposed to the judgment of dismissal entered in the third district court on appeal; and under this section, if for no other reason, the judgment of said court should be reversed.

*Dickson & Varian,* for the respondent.

The action was rightfully dismissed, because it was one over which the justice had not, and could not acquire, jurisdiction. No person shall be held to answer a summons issued against him from a justice's court in a civil action, in any precinct other than the one in which he shall reside, unless the case falls within some one of the subdivisions of section 1734 of the compiled laws.

It is contended that the case before the court does fall within the sixth subdivision of this section, because the due-bills in the one case and the account in the other are dated at Bingham. So far as the due bills are concerned, the place at which they are dated may be taken as the place where the contracts were made. But the fact that they are dated at a particular place affords no presumption that the contracts were to be peformed at that place. (If it did it would not aid appellant at all, because the jurisdiction of a justice must affirmatively appear—no presumptions are indulged in favor of such jurisdiction.) The statute, however, makes the jurisdiction of the justice depend upon the fact that the contract is to be performed within his precinct, and not at all upon the fact that it was made within such precinct. A contract to pay money, generally, is not a contract to pay at the place where the promise is made, but it is to pay at whatever place the creditor may be found within the sovereignty: 2 Chit. Cont., 11th Am. ed., 1069; *Holden* v. *Johnson,* 8 Exch. 689; *Fissard* v. *Maguier,* 18 C. B., N. S., 286; *Poole* v. *Tumbridge,* 2 Mee. & W. 223; *Bixby* v. *Whitney,* 5 Greenl. 192; *Hale* v. *Patton,* 19 Am. Rep. 168.

EMERSON, J. :

This action was originally commenced in the justice's court for Bingham precinct in Salt Lake county, to recover on certain due-bills dated at, and for work performed in, that precinct, but no place of payment was named.

The record shows that the defendant is a resident of Salt Lake City, and that there is, and was at the time this suit was commenced, a justice's court and a justice competent to act in the precinct where the defendant resides.

The defendant made a special appearance in the justice's court, and moved to dismiss the case for the reason, among others, that the justice had no jurisdiction, the defendant's residence being out of the justice's precinct. The justice denied the motion, and gave judgment against the defendant on default of an appearance and answer.

The defendant appealed to the district court, where upon his motion the case was dismissed for want of jurisdiction in the justice. The plaintiff appeals to this court from the order of dismissal.

The practice act, Comp. L. 1734, provides that no person shall be held to answer a summons issued against him from a justice's court, in a civil action, in any precinct other than the one in which he shall reside, unless the case falls within some one of the subdivisions of that section forming exceptions thereto. It is contended by the appellant that this case falls within the sixth subdivision, which is as follows: "When a person has contracted to perform any obligation at a particular place, and resides in another precinct, he may be sued in the precinct in which such obligation is to be performed or in which he resides."

The due-bills sued upon do not bring the case within this exception. They are not contracts to perform any obligation in the precinct where the suit was brought, or in any particular place.

Like promissory notes, not made payable at any particular place, they are payable at the domicile of creditor. The defendant being at the time a resident of another precinct in which there was a justice's court and a justice competent to act, and the due-bills not being contracts to perform any obligation in the precinct where the suit was brought, the action was one over which the justice had not, and could not acquire, jurisdiction.

The judgment of the court below in dismissing the case is affirmed.

HUNTER, C. J., and TWISS, J., concurred.