CHARLES DUCHENEAU, RESPONDENT, *v.* HIRAM
HOUSE, APPELLANT.

PRACTICE.—TIME IN WHICH TO ANSWER IN JUSTICE'S COURT.—A defendant in an action in a justice's court who is served with summons in the precinct in which the action is brought has five days after service of the summons in which to answer, exclusive of the day of such service, under section 718, Laws of Utah, of 1884, and if he appears within the five days and tenders his answer to the court to be filed, a judgment taken against him by default prior to the expiration of the five days and to the putting in of such answer, is erroneous and an appeal may be taken therefrom.

CERTIORARI.—WHEN IT LIES.—A writ of certiorari cannot properly issue from the district court to review the proceedings of a justice's court in an action therein determined, where the judgment rendered in such justice's court, although erroneous, was within the general jurisdiction of the justice and when an appeal would lie therefrom.

APPEAL from a judgment of the district court of the first district. Sections 718 and 723 of the laws of Utah of 1884 are as follows:

"Sec. 718. The time specified in the summons for the appearance of the defendant must be as follows:

"1. If an order of arrest is endorsed upon the summons, forthwith.

"2. In all other cases, the summons must contain a direction that the defendant must appear and answer the complaint within five days, if the summons is served in the city or precinct in which the action is brought; within ten days, if served out of the precinct or city, but in the county in which the action is brought; and within twenty days if served elsewhere.

"Sec. 723. When all the parties served with process shall have appeared, and the remaining defendants have made default, the justice must fix a day for the trial of said cause, and notify the plaintiff and the defendant [defendants] who have appeared, thereof. The parties are entitled to one hour in which to appear, after the time fixed in the summons, but are not bound to remain longer

than that time unless both parties have appeared, and the justice being present, is engaged in the trial of another cause."

The other facts appear in the opinion of the court.

*Mr. C. S. Varian,* for the appellant.

. The office of the writ of *certiorari* is to correct past error. It is tried by the record and no questions of fact *dehors* the record can be raised or determined: *Hamilton* v. *Spiers,* 2 Utah, 229.

It is only allowed when there is no appeal: Civil Pr. Act. sec. 950, et seq.

In the case at bar there was an appeal: Pr. Act. sec. 854; *S. I. M. Association* v. *Supreme Court,* 65 Cal., 500.

It makes no difference that the time for appeal has elapsed: *Fant* v. *Mason,* 47 Cal., 8; *Bennett* v. *Wallace,* 43 Cal., 25; *Millicker* v. *Hubes,* 21 Cal., 167.

The only matter complained of is the failure of the justice to give defendant five full days of twenty-four hours each, in which to answer. All other allegations have no place in a petition for *certiorari;* they could not be answered nor the facts determined, and therefore cannot be considered.

The Practice Act requires a defendant to appear and answer *within* five days: Pr. Act, sec. 718.

It seems the *hour* of appearance must be fixed in the summons: Pr. Act, sec. 723.

Time is computed by excluding the first and including the last day: Pr. Act, sec. 8.

Taking all these provisions together, a harmonious construction may be reached. Any *hour* on the fifth day may be designated and yet the defendant have the five days given by statute. Any portion of the fifth day is a full legal day, as the law takes no note of fractions of a day: *Duffy* v. *Ogden,* 64 Pa. St., 240; *Turnpike Road* v. *Haywood,* 10 Wend., 422.

This construction has been ruled: *Misch* v. *Mayhew,* 51 Cal., 573.

See code sections involved in this case: Cal. Civil Procedure, sec. 12, sec. 1116.

Even if this construction is wrong, the case is not one for *certiorari*. At the most the action of the justice was an error or irregularity which did not affect the jurisdiction: Freeman on Judgments, sec. 126; *Ballinger* v. *Tarbell*, 16 Iowa, 492; *Kilsmiller* v. *Kitcher*, 24 Iowa, 163.

*Mr. James N. Kimball* and *Mr. A. R. Heywood*, for the respondent.

BOREMAN, J.:

The respondent applied to the district court for a writ of *certiorari* to compel the appellant, a justice of the peace, to certify to that court for review the case of Tarpey and Phillips against said Charles Ducheneau, then in the justice's court. Summons had been served on Ducheneau, the defendant in that action, on the thirtieth day of March, 1885, at nine p. m., in the precinct where the justice held court. The answer of Ducheneau was not filed until the fourth day of April, 1885, although he had sent it to the justice on the third day of April. Judgment was rendered against the defendant, Ducheneau, on the morning of the fourth of April. The answer of the defendant, Ducheneau, was received by the justice, and receipt thereof acknowledged on the same fourth day of April. Respondent claimed that as defendant in that action he had all of the fourth day of April in which to file answer, and that the justice exceeded his jurisdiction in giving judgment before the five days time for answering had expired. The district court granted the writ of *certiorari*, and upon the hearing adjudged and decreed that the judgment in the justice court be reversed and annulled. From the decision and judgment of the district court, the appellant (House) has brought this case to this court.

In our civil procedure act it is provided that if the defendant in an action before a justice of the peace be served with summons in the precinct in which the action is brought, he must appear and answer the complaint "within five days:" Laws of 1884, p. 288, sec. 718.

It is further provided in said act as follows: "Sec. 8. The time in which any act provided by law is to be done is computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded."

In counting the five days we are not to count the first day, that is, the thirtieth of March, but are to count the fifth day, that is, the fourth of April. Beginning then with the thirty-first of March as one day, and counting the first four days of April, we have the five days within which the defendant in that action was authorized to answer.

It is sometimes said that when an act is authorized to be done after a fixed number of days' notice, the doing of the act on the last of such days is a compliance with the statute. Such is the ruling in *Misch* v. *Mayhew*, 51 Cal., 514, in which the court held that where a "three days' notice" was required of an act proposed to be done, the doing of it on the third day was a compliance with the statute. But if, in such a case, the party had been authorized to do an act "within" three days, we are inclined to think the court would not have excluded it if done at any time on the third day.

It is claimed by appellant that the sections we have quoted, together with section 723 of the same act, require the justice to fix in the summons an hour for the appearance of the defendant in any case before him, and that as the justice fixed 10 a. m., of the fifth day for the defendant in said action before him to appear, that the justice, after waiting one hour after that time, was justified in entering default and judgment. The words "time fixed in the summons," as found in said section 723, presuppose some antecedent provision requiring a time to be fixed. We find such provision in section 718 of the same act. But in this latter section we find that, instead of the words "time fixed," it speaks of the "time specified" in the summons. And according to said section 718, the "time specified" in the summons is five days, if the party be served with summons in the precinct in which the action is brought; and ten days if served out of the precinct, yet in the county, and twenty days if served elsewhere.

We find nothing in said section or elsewhere in regard to the fixing of an hour for the appearance of the defendant. If the justice should assume to fix an hour, he would have to fix an hour on each of three different days, to suit the five days, the ten days, and the twenty days specified in the summons; but we see no reason for fixing an hour whatever, further than is fixed by the five, ten, or twenty days' limit.

The statute, in section 723, provides for the justice to fix a day for trial, but that is after appearance, and possibly the words "time fixed in the summons," as specified in section 723, should be the "time fixed in the notice," as notice is specified prior thereto in said section. But section 757 requires the justice to wait one hour after the "time specified in the summons," thus making it immaterial, so far as this case is concerned, whether the word should be "summons" or "notice."

The appearance of the defendant on the fifth day was within time, and the justice had no authority to enter default or judgment until said five days had expired, and judgment entered before the expiration of said five days was error, and the defendant was, as we think, entitled to have his answer filed as of that day, and to be heard thereon.

Notwithstanding the foregoing views in the case at bar, the appellant maintains that the allowance of the writ of *certiorari* was error, as respondent was entitled to an appeal from the judgment of the justice. The code of civil procedure (Laws of 1884, p. 322, sec. 951) provides for the issuance of the writ of *certiorari* when the tribunal, etc., "has exceeded the jurisdiction of such tribunal, etc., and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." And section 854 of the same code allows "any party dissatisfied with a judgment rendered in a justice's court" to appeal therefrom to the district court. In the case of *Golding* v. *Jennings*, 1 Utah, 135, the court says that where the court in which the case sought to be reviewed is pending, has no jurisdiction of the subject-matter, that a writ of *certiorari* is proper, notwithstanding the statute gives the

party the right to an appeal, for the appeal in such a case would not be an adequate remedy.

The case at bar is an action for trespass and damages under three hundred dollars. Such an action is within the general jurisdiction of a justice's court, and hence an appeal would be an adequate remedy. Whether the court, in *Golding* v. *Jennings*, was correct in saying that a writ of *certiorari* would be proper when the court below acted without its jurisdiction, and did not simply exceed it, it is not now necessary for us to decide; but where the justice is acting within his general jurisdiction as to the subject-matter, but exceeds his jurisdiction as to the party by rendering judgment before the time to answer has expired, and relief by way of appeal is open to the party, we think he is bound to resort to the appeal. We cannot see wherein it is not an adequate remedy. We think, therefore, that the justice ought to have allowed the answer of respondent to have been filed; but, it not having been done, the respondent herein should have taken his appeal from the judgment of the justice to the district court. The judgment of the district court, therefore, is reversed and remanded, with directions to the district court to quash and dismiss the writ.

ZANE, C. J., and POWERS, J., concurred.