J. H. SAUNDERS, RESPONDENT, *v.* SIOUX CITY NUR-
SERY, APPELLANT.

| 6 | 431 |
| 8 | 458 |
| 24* | 532 |
| 32* | 699 |
| 6 | 431 |
| 10 | 31 |
| 24* | 532 |
| 36* | 132 |
| 6 | 431 |
| 11 | 396 |
| 6 | 431 |
| f20 | 354 |
| 6 | 431 |
| d31 | 334 |

PLEADING.—AVERMENT OF CORPORATION.—When the caption of the
complaint gives the title of the corporation with the addition, "a
corporation under the laws of the State of Iowa," and the cor-
poration was referred to in the allegations by the corporate name,
the averment of a corporate capacity is sufficient.

JUSTICES OF THE PEACE.—JURISDICTION.—TERRITORIAL EXTENT.—
CITY.—2 Comp. Laws, 1888, Sec. 3021, provides that justices of
the peace shall have jurisdiction within their respective precincts
or cities, and 2 Comp. Laws, Sec. 3537, provides that an action
before a justice of the peace, unless in certain excepted cases,
must be begun before a justice of the peace of the precinct or
city; *held*, that city justices of the peace have a territorial juris-
diction coextensive with the city in which they hold office.

SUMMONS.—SERVICE.—AGENT.—2 Comp. Laws, 1888, Sec. 3208, par. 5,
provides that when the defendant is a foreign corporation, and
has an acknowledged agent in this territory, service may be
made on such agent, or if no such agent is found, on any person
in its employ, or who has any of its property in charge, and the
service in this case was made upon the attorney of the corpora-
tion intrusted with certain of its property, after diligent search
for and a failure to find any designated agent; *held*, that the law
above is valid and such service is good.

CERTIORARI.—APPEAL.—SPEEDY REMEDY.—2 Comp. Laws, 1888, Sec.
3719, provides that a writ of *certiorari* or review may be granted
when an inferior tribunal, board. or officer, exercising judicial
functions, has exceeded the jurisdiction of such tribunal, board,
or officer, and there is no appeal, nor in the judgment of the
court any plain, speedy and adequate remedy; *held*, that *certi-
orari* will not lie to review a judgment by default rendered by
a justice, since an appeal can be had therefrom.

APPEAL from a judgment dismissing a writ of *certiorari*
of the district court of the third district. The opinion
states the facts.

*Messrs. Hoge and Burmester* for the appellant.

*Mr. Frank B. Stephens* for the respondent.

ZANE, C. J.

The plaintiff instituted an action in a justice's court against the defendant to recover $266.70, a balance due the former, as alleged, for services as salesman. It appears from the record that the defendant failed to appear at the trial, and the justice entered a default, and upon the papers and evidence found the above amount to be due the plaintiff, and entered judgment against the defendant therefor; and, upon application of the defendant, the district court ordered a writ of *certiorari.* To this writ the plaintiff entered his appearance, and moved the court to quash it, among others, for the following reasons: *First,* that the justice regularly pursued his authority, and acted within his jurisdiction; *second,* that the defendant had the right of appeal; *third,* that defendant had a plain, speedy, and adequate remedy without the writ. The district court found that the judgment of the justice was valid, and affirmed it. From the latter ruling the defendant has appealed to this court.

The appellant insists that the complaint was fatally defective, and that no evidence was admissible under it, for the reason that it contained no allegation of corporate existence. In the title of the complaint the name of the defendant is given, and its corporate existence is declared in the following language: " The Sioux City Nursery and Seed Co., a corporation under the laws of the state of Iowa, defendant." The title of a complaint should contain the name of the court in which it is filed, and the names of the parties to the action. In this case the name of the defendant is given, and it is further described by the statement that it has a corporate existence under the laws of the state of Iowa; and, so described in the title, it is referred to in the allegations of the complaint as defendant. In construing such a complaint, the title, when so referred to, must be regarded as a part of it; and, so construing the complaint, it clearly appears that the action is against the defendant as a corporation. That fact appearing, the defendant should have answered denying its corporate existence, if it intended to contest that fact. In the case of *Cement Co.* v. *Nobel,* 15 Fed. Rep. 502, the

court said: "The declaration in the commencement merely states that 'the Union Cement Company of Buffalo, New York, plaintiff herein,' by attorney, 'complains,' etc., and does not otherwise aver the fact that plaintiff is a corporation. Was the objection to the admission of the notes well taken? I am of opinion that it was not, and that the notes were properly admitted. It is not necessary for a plaintiff corporation to allege that it is a corporation in the pleading; it is sufficient to state in the commencement of the declaration the name of the corporation, as was done here, just as the name of a natural person suing is stated." And in *Academy* v. *McKechnie*, 90 N. Y. 618, the court said: "And, finally, it is insisted that the action cannot be maintained, because the complaint does not allege the plaintiff to be a corporation. The plaintiff sued as a corporation, and the answer does not contain an affirmative allegation that the plaintiff is not a corporation. Without such an allegation in the answer, proof of the corporate existence of the plaintiff was unnecessary."

It is also claimed that the justice did not obtain jurisdiction of the defendant, because the court was held in the fifth precinct, and the person on whom the summons was served resided in the fourth. It appears from the record that both precincts were within the limits of the city of Salt Lake. The statute (Comp. Laws Utah, 1888, Sec. 3021) provides that justices of the peace shall have jurisdiction within their respective precincts or cities. And division 9, Sec. 3537, Comp. Laws Utah, 1888, provides that, unless the cause falls within an exception mentioned in the other eight divisions, the suit must be commenced in the precinct or city in which the defendant resides. The service under consideration was governed by the ninth division; and, subject to the right to change the place of trial as provided by law, it requires the trial to be in such precinct or city. It is sufficient if the person to be served resides in the city in which the trial is to occur. In some states a defendant may be sued before any justice of the county. In order that parties may not be compelled to attend trial at distant and inconvenient places, the legislature of this territory has required the suit to be brought

28

in the precinct or city in which the defendant resides. The boundaries of cities are not so extended as to make it inconvenient and burdensome for parties to attend trial before any justice within their limits.

It is further urged by defendant that the justice did not obtain jurisdiction of the defendant for the reason, as alleged, that the service of summons on Theodore Burmester was void. It appears from the record that Mr. Burmester, at the time of the service, was an attorney of the defendant, and employed in the collection of certain claims due it, and that he was then intrusted by it with the possession of certain of its property. The last clause of division 5, Sec. 3208, Laws Utah, *supra*, provides that when the defendant is a foreign corporation, and has an acknowledged agent in this territory, service may be made on such agent, or, if no such agent is found, on any person in its employ, or who has any of its property in charge." The evidence shows that the officer, before making service, made diligent search for another agent of the defendant on whom to make it, but was unable to find one in the territory. The service is good if the provision of the statute above quoted is valid. This statute is based upon the presumption that a person intrusted by a foreign corporation with the possession of its property will, in the discharge of his duty, communicate to it the service upon him of any process against such corporation issued in any suit that may result in a judgment and execution that may deprive him of his possession and such corporation of its property. The probabilities are, under such circumstances, that the corporation will be informed of the pendency of the suit. The principle involved is similar to that when the law authorizes service made by a copy left at the defendant's usual place of abode with some person of sufficient age and capacity, or in cases of constructive notice. The legislators doubtless thought the authority to make such service might be necessary to meet the contingencies which might arise in the administration of public justice. Conceding human motives their usual play, such service is likely to result in actual notice to persons whose rights may be affected by such methods and modes of procedure. Such

laws are based on the assumption that men will be prompt to protect their own interest, and diligent in the discharge of their duties to those who have reposed confidence in them.   We are of the opinion that the law authorizing the service as it was made in this case is valid.

The plaintiff insists on his part that the writ of review was unauthorized, and that the judgment appealed from should not be disturbed, for the reason that it simply affirmed the judgment of the justice, that the effect of the affirmance was the same as a dismissal of the writ would have been.   The circumstances under which a writ of review may issue are stated, and its office defined, in the following sections of the Compiled Laws of Utah, *supra*, Sec. 3718: "The writ of *certiorari* may be denominated the 'writ of review.'"   Section 3719: "A writ of review may be granted   *   *   *   when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court any plain, speedy, and adequate remedy."   Section 3725: "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or office."   The writ will not issue if there is an appeal from the judgment, order, or proceeding complained of.   Nor will it issue if, in the judgment of the court, there is any plain, speedy, and adequate remedy without it.

The laws regulating the practice of the courts in issuing the writ of *certiorari*, and as to its office and the scope of their authority to act in the cases, and upon the subjects brought before them by means of the writ, have been greatly changed by acts of parliament, and, in the states and territories of this Union by legislative enactments. These changes and differences in the laws of the various states explain many of the apparent conflicts in the decisions of the courts.   And some courts, instead or following the laws of their own states, have been governed by precedents based on statutes of other states widely differing.   In volume 1, Bac. Abr. (6th Ed.) p. 559, it is said that "*certiorari* is an original writ issuing out of chancery

or the king's bench   *   *   *   to the judges or officers of
inferior courts, commanding them to return the records of
a cause pending before them, to the end that the party may
have the more sure and speedy justice;" and mentions,
among the special causes for the writ: "Where there is
just reason to apprehend that the court below may be un-
reasonably prejudiced against the defendant, or where
there is so much difficulty in the case that the judge below
desires that it may be determined in the king's bench, or
where the king himself gives special direction that the
cause shall be removed, or where the prosecution appears
to be for a cause not properly criminal." And volume 1,
Tidd. Pr. (1st Amer. Ed.) p. 397, reads: "The writ of
*certiorari* is a writ issuing sometimes out of chancery; and
sometimes out of the king's bench   *   *   *   and lieth
where the king would be certified of any record which is
in the treasury, or in the common pleas, or in any other
court of record, before the sheriff and coroners, or of a
record before the commissioners, or before the escheater."
And on page 412 same volume: "But, though the record
be brought up on this writ into the court above, yet
they do not take up the cause where the record leaves
off, but begin the whole proceedings *de novo*." From
these quotations it appears that this writ was of a wide ap-
plication during its earlier history; that it was used to re-
move causes, both criminal and civil, for trial from inferior
courts to a superior one. Removal of causes for such pur-
poses are now accomplished by appeals, and for a review
of alleged errors by a writ of error or an appeal. Such ap-
peal or writ of error, under the American practice, is the
ordinary means of removing a cause for trial, or for a re-
view of errors from an inferior to a superior court. *Certi-
orari* must be regarded as an extraordinary remedy, and
should only be used where the ordinary one cannot lie.
Under the laws of some states, however, the writ of *certi-
orari* is still used as a mode of appeal from courts not of
record, such as justices' courts. In some it is also used
to review proceedings of inferior courts of record, commis-
sioners, magistrates, and officers exercising judicial powers.
In some it is also employed as an auxiliary process to bring

up a complete return or record on an appeal, and in some it lies to remove criminal causes to a higher court, and in aid of the writ of *habeas corpus.* In view of the changes that have been made as to the application and office of the common-law writ of *certiorari* since its first employment in the administration of public justice, and of the differences in the statutes of the various states regulating the practice with respect to it, it is not surprising that the authorities are apparently conflicting. The general rule of practice as to its issuance, under statutes similar to that in force in this territory, is laid down by Dillon in his excellent work on Municipal Corporations, Sec. 743: "From inferior jurisdictions, an appeal or writ of error exists only as it is provided by law, but where a remedy by writ of error or by appeal is given, a common-law *certiorari* cannot be sustained. But if an appeal, where it exists, is improperly denied, or if the party is deprived of it by fraud or accident, he may have his whole case reviewed by *certiorari*, both as to matters of law and fact; and, where the right of appeal is not allowed or does not exist, the aggrieved party is still entitled to have his case reviewed by a superior tribunal." Section 3725 of the Utah statute quoted limits the inquiry to the question as to whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer. In *Duchenau* v. *House*, 4 Utah, 363, 10 Pac. Rep. 427, a writ of review had been issued by the district court to bring up for review a case in which a justice of the peace had rendered judgment before the time to answer had expired. In the decision of it the court said: "Such an action is within the general jurisdiction of a justice's court, and hence an appeal would be an adequate remedy. Whether the court in *Golding* v. *Jennings*, 1 Utah, 135, was correct in saying that a writ of *certiorari* would be proper when the court below acted without its jurisdiction, and did not simply exceed it, it is not now necessary for us to decide; but where the justice is acting within his general jurisdiction as to the subject matter, but exceeds his jurisdiction as to the party by rendering judgment before the time to answer has expired, and relief by way of appeal is open

to the party; we think he is bound to resort to the appeal. We cannot see wherein it is not an adequate remedy."

Upon further consideration of the question, the court is of the opinion that a writ of *certiorari* or review will not lie when the right of appeal exists, when the justice has acted or has entered judgment without first having acquired jurisdiction of the matter of the suit, or when he has acted without his jurisdiction, as well as when he simply exceeds his jurisdiction in some respect in the trial of the cause, or has not obtained jurisdiction of the person of the defendant. In either case, an appeal is the ordinary remedy provided by the statutes of this territory. In deciding the case on appeal, a wider and fuller inquiry and scope is authorized and permitted, and more complete and adequate remedy and justice is afforded. If the appellate court decides that the court below did not have jurisdiction of the subject matter of the suit, it can dismiss the action; but if it decides that the lower court had such jurisdiction, it may try the case on its merits, and do complete justice between the parties. But upon review the appellate court can only determine whether the inferior tribunal regularly pursued its authority. This rule, however, is subject to the qualification that if a party is deprived of his right of appeal by fraud or accident, or if he has lost it without fraud on his part, he may have a writ of review. So far as the rule touching review announced in *Golding* v. *Jennings* and *Ducheneau* v. *House, supra,* conflicts with the rule laid down in this case, they are overruled. The judgment of the district court is affirmed.

HENDERSON, J., and BLACKBURN, J., concurred.