GIOVANNA CEREGHINO, COMPLAINANT, v. THIRD DISTRICT COURT OF UTAH TERRITORY, RESPONDENT.

APPEAL. — JUSTICE'S COURT. — JURISDICTION. — When a justice's court renders judgment against defendant in a cause wherein the justice's court has no jurisdiction, by reason of the cause involving the title to land, an appeal from the judgment is a proper remedy, disapproving *Ducheneau* v. *House*, 4 Utah 463.

ID.— ID.— DISTRICT COURT.— JURISDICTION.—When it appears that a cause over which a justice's court has no jurisdiction owing to the fact that the cause involves the trial of title to land, and the cause has been brought into the district court by an appeal, it is the duty of the district court to dismiss the appeal because the justice had no jurisdiction.

ID.— ID.— COSTS.— Where the district court dismisses an appeal from a justice's court because the justice had no jurisdiction of the cause, the district court has the right to impose costs on the appellee.

ORIGINAL APPLICATION for a writ of *certiorari* in the supreme court. The opinion states the facts.

*Mr. Charles S. Varian,* for the complainant.

*Mr. James A. Williams,* for the respondent.

ZANE, C. J.:

This is an application for a writ of *certiorari*. In her petition the plaintiff alleges that on the 25th day of June, 1892, she commenced an action of trespass against the defendants before a justice of the peace; that they filed a verified answer putting in issue plaintiff's right of possession and title to the lands trespassed upon, and moved

the court to certify the cause and the papers therein to the district court; that the justice refused to certify the same, and proceeded to try it, and rendered judgment against the defendants for $100 and costs; that they appealed to the district court; that the district court dismissed the action for want of jurisdiction in the justice, and against the objection of the plaintiff adjudged the costs of the appeal against her. The plaintiff insists that the district court exceeded its jurisdiction in entering judgment against her for the costs of the appeal.

The first question presented for our consideration and decision is, did an appeal lie to the district court? "An act" of congress "in relation to courts and judicial officers in the Territory of Utah" provides that an appeal shall be allowed to the district courts of their respective districts from all final judgments of justices of the peace. 1 Comp. Laws Utah, 1888, p. 104, § 3. A territorial enactment also provides that any party dissatisfied with a judgment rendered in a justice's court may appeal the same to the district court. 2 Comp. Laws Utah, § 3659. The judgment from which the appeal was taken was final. "According to the common law rule, by a final judgment is to be understood, not a final determination of the rights of the parties but merely of the particular suit. Therefore a judgment of nonsuit, or of dismissal without prejudice, or in favor of plaintiff or defendant upon a plea in abatement, or in an action of ejectment where the law denies to a judgment in that action the effect of *res judicata*, because each terminates the action in which it is entered, is final, though the parties may in a subsequent action, be permitted to relitigate issues presented in the former action which has gone to judgment." 1 Freem. Judgm. § 16. A justice of the peace should refuse to assume jurisdiction of a cause of action which on its face is clearly not within his jurisdiction. He should refuse to act, and then there could be no judg-

ment to appeal from. But if he assumes jurisdiction and enters judgment dismissing the action, an appeal lies, as we have seen; or if he wrongfully decides that he has jurisdiction, and tries the case, and enters judgment, an appeal lies from that. When the case on appeal is presented to the district court, the first question for it to decide is, had the justice's court jurisdiction of the subject-matter of the suit? If not, the suit should be dismissed. If it had, the district court should proceed to try the case. The justice of the peace had jurisdiction of the subject-matter of the suit in question as the plaintiff described it to him. The want of jurisdiction was shown by the answer subsequently filed. The court denied the motion of the defendant to certify the case to the district court, and proceeded to try it and to enter judgment. From this the defendants appealed. The case of *Ducheneau* v. *House,* 4 Utah, 363, 10 Pac. Rep. 427, is cited, in which it is stated that the court in the case of *Golding* v. *Jennings,* 1 Utah, 135, said: "When the court in which the cause sought to be reviewed is pending has no jurisdiction of the subject-matter, a writ of *certiorari* is proper, notwithstanding the statute gives the party the right of appeal, for the appeal in such a case would not be an adequate remedy." It was intimated on the argument of this cause that a writ of *certiorari* or prohibition should have been resorted to by defendants, and that an appeal from the justice was not the proper remedy because inadequate. In the case cited the court conceded the right of appeal. The statement in the quotation that an appeal is not an adequate remedy is incorrect. 1 Comp. Laws Utah, 1888, p. 104, § 3, declares that such appeal shall vacate the judgment appealed from, and the dismissal of the cause by the appellate court is as complete a remedy as *certiorari* or prohibition. Inasmuch as the reason given for the issuance of the writ of *certiorari* where an appeal lies does

not exist, its issuance in such a case is unauthorized. Whether the judgment is vacated by an appeal, and the suit is annulled upon *certiorari,* or its execution is forbidden by prohibition, the plaintiff should have the right to institute a suit in a court having jurisdiction of its subject-matter.

Reference has been made to the case of *Smith* v. *Whitney,* 116 U. S. 167, 6 Sup. Ct. Rep. 570. In it the court said: "It is often said that the granting or refusing of a writ of prohibition is discretionary, and therefore not the subject of a writ of error. That may be true where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful, or depends on facts which are not made matter of record, or where a stranger—as he may in England—applies for the writ of prohibition. But where the court has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the outset, and has no other remedy, he is entitled to a writ of prohibition as matter of right." The writ of *certiorari* and the writ of prohibition are extraordinary remedies, and are not allowed when the ordinary remedy is adequate. An appeal, where it is given, is the ordinary remedy, and must be resorted to where it is adequate. We reaffirm the case of *Saunders* v *City Nursery,* 6 Utah, 431, 24 Pac. Rep. 532, in which this doctrine upon the subject is clearly announced.

An appeal having been properly taken, it was the duty of the district court to decide whether the court from whose judgment it had been taken had jurisdiction of the subject-matter of the action, and, if it had not, to dismiss it, which it appears from the petition it did. Having authority to decide the question and dismiss the case, had it authority to adjudge the costs of the appeal against the plaintiff? The order dismissing the suit was a

final judgment. After the justice's court had lost jurisdiction, the plaintiff insisted that the case should be tried, and upon a judgment against the defendants they were compelled to appeal to get rid of it. A refusal of the district court to act and to dismiss the suit would have been the refusal of an ordinary remedy to the defendants, in effect to decide that there was no appeal, and that the judgment of the justice should remain. The right to dismiss the suit gave the right to tax the costs of the appeal against the party decided against. The case of *Langford* v. *Monteith*, 102 U. S. 145, was commenced before a justice of the peace, and defendant's verified answer involved a question of title to land, and the justice refused to certify the cause to the district court, and tried the cause, and an appeal was taken to the district court. The cause finally came before the supreme court of the United States. In deciding the case the court said: "We are of opinion that the justice of the peace had no jurisdiction to try the case after the sworn answer of the defendant was filed, and that it was his duty to certify it for primary trial to the district court. When removed there on appeal, it should have been dismissed, because there could have been no lawful trial before the justice." This affirms the right of the district court to dismiss the appeal.

In *Bradstreet Co.* v. *Higgins*, 114 U. S. 262, 5 Sup. Ct. Rep. 880, the court said: "Here, however, the question is not as to the right of the defendant in error to recover his costs in the suit, but only such as are incident to his motion to dismiss. It has been decided that the writ of error was wrongfully sued out by the plaintiff in error. To get rid of the writ and the *supersedeas* which had been obtained thereunder, the defendant in error was compelled to come to this court, and move to dismiss. That motion we had jurisdiction to hear and decide. The right to decide implies the right to adjudge as to all

costs which are incident to the motion." In this case the writ of error had been wrongfully sued out, and the court was without jurisdiction, but the court held that, to get rid of the writ and the *supersedeas* obtained thereunder, a motion to dismiss was necessary, and that the court had jurisdiction to hear and decide it, and that the right to decide implies the right to adjudge as to all costs which were incident to the motion. Other cases cited hold that when the want of jurisdiction appears on the face of the papers the court in which suit is brought should refuse to take jurisdiction, and that when such papers have been filed the court should strike them from the files. In such cases costs should not be taxed, because there is no adjudication. They have no application to a case of which the court has assumed jurisdiction, and rendered judgment, and an appeal has been taken, and the appellate court has jurisdiction to dismiss the suit. In such a case the right to adjudge the costs of the appeal is implied. The court holds that the costs of the appeal complained of were properly adjudged against the plaintiff. The writ of *certiorari* is denied.

BLACKBURN, J., and MINER, J., concurred.