KANSAS CITY HARDWARE COMPANY, RESPONDENT,
*v.* JAMES NEILSON, APPELLANT.

1. JUSTICES' COURT.—OBJECTIONS TO VENUE.—2. Comp. Laws 1888, § 3537 (subds. 1, 9), requires actions in a justice court to be begun and tried in the precinct or city of defendant's residence, unless there be no justice court therein; and § 3595 provides for dismissal without prejudice when it is objected at the trial and appears by the evidence that the action is brought in the wrong county, precinct or city. *Held* that

defendant need not specially appear to move for such dismissal, but may object by answer and prove the facts on the trial.

2. ID.—ID.—ID.—CAUSE FOR REVERSAL.—APPEAL.—2 Comp. Laws 1888, § 3595, subd. 4, making the wrong overruling of an objection to the venue in justice court cause for reversal on appeal and § 3659, giving either party on appeal to the district court the benefit of all legal objections made below obliges the district court to reverse on finding such objection to the venue well taken.

(No. 393.  Decided March 19, 1894.  36 P. R. 131.)

APPEAL from a judgment of the district court of the third judicial district, Hon. Chas. S. Zane, *Judge.*

Action by the Kansas City Hardware Company against James Neilson on account.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Mr. Barlow Ferguson,* for appellant.

*Mr. George W. Moyer,* for respondent.

The defendant, by the stipulation to take the deposition and by his appeal from the entire judgment, entered his full and unqualified appearance in the district court. *Houtz* v. *Gibson,* 1 Utah, 173; *Jones* v. *Stevens,* 1 Colo. 67; *Fee* v. *Big Standard Iron Co.,* 13 Ohio, S. R. 563; *Creighton* v. *Kerr,* 1 Colo. 509; *Wyatt* v. *Freeman,* 4 Colo. 435; *Marston* v. *Soper,* 11 Ohio, S. R. 503; *Weaver* v. *Stone,* 2 Pa. 422.  All questions going to the jurisdiction of the court must be raised by appearing especially for that purpose and at the commencement of the trial, and not after the defendant has appeared generally and answered to the merits of the case.

MINER, J.:

This action was commenced in commissioner's court in Salt Lake City.  The complaint consisted of an account

of the plaintiff against the defendant, duly verified. Summons was issued thereon, and served on the defendant in Big Cottonwood precinct, outside of the city of Salt Lake. The defendant filed a general denial, and alleged that the court had no jurisdiction over the person of the defendant, and that the defendant resided in Big Cottonwood precinct, Salt Lake county, at which place the summons was served; that there was an acting justice of the peace residing in said precinct, and the money sued for was payable, if at all, in Big Cottonwood precinct. Upon the filing of such answer the case was set for trial. On the trial, testimony was offered showing that the residence of the defendant was at Big Cottonwood precinct, at which place the summons was served, and that there was an acting justice of the peace residing in said precinct. Thereupon the defendant's attorney moved to dismiss the action, as the court had no jurisdiction to try the case. This motion was overruled, and judgment rendered for the plaintiff, whereupon defendant appealed to the district court. The case was tried in the third district court, where testimony was given showing the facts set up in the answer to be true. It appears from such testimony taken on the trial that the defendant was a resident of Big Cottonwood precinct, and that there was an acting justice of the peace residing in said precinct at the time the summons was served, and that the transcript showing the proceedings in court below was correct. The court overruled the objection, and ordered a verdict for plaintiff.

Under section 3537, Comp. Laws 1888, subds. 1, 9, "actions in justice court must be commenced and tried in the precinct or city in which the defendant resides. If there is no justice court for the precinct or city in which the defendant resides, then it may be commenced and tried in any precinct or city of the county in which the defendant resides." Subdivision 4 of section 3595 provides

"that judgment that the action be dismissed without prejudice to a new action may be entered with costs when it is objected at the trial and appears by the evidence that the action is brought in the wrong county, precinct or city; but if the objection is taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment. If not taken at the trial it is waived." Section 3659, Comp. Laws 1888, among other matters, provides "that on appeal to the district court, either party may have the benefit of all legal objections made in justice court." Under the facts in this case as stated, and under these provisions of the statute referred to, the commissioner should have dismissed the action; and, on appeal, the district court should have reversed the judgment below, and dismissed the case. The objection to the jurisdiction of the court over the case was made in time, and in the manner provided by section 3595 of our statute. The proof was conclusive upon both trials that the defendant resided and was served with process out of the jurisdiction of the commissioner, and that a competent acting justice of the peace resided in the same precinct where the defendant resided at the time. The proofs and return of the commissioner were preserved and reproduced in the district court. The evidence upon both trials supported the allegations in the answer of want of jurisdiction in the court.

The objection having been taken and overruled was a ground for reversal on appeal, especially when the same evidence was then produced under the complaint; and it was not necessary for the defendant to appear especially to make the motion; he could raise it by answer at the trial, and prove it by competent evidence at the trial, as especially provided by section 3595, subd. 4. If there was no answer or defense or evidence put in, it could hardly be said that there was a trial. Section 3659 gives either party the benefit of all legal objections made at the trial

before the justice. To place a different construction upon these provisions of the statute would be to allow a justice of the peace to hold jurisdiction over and try cases arising in any other precincts of the county or territory than where the defendant resided, and therefore annul the statute referred to. *Klopenstein* v. *Woolf*, 3 Utah, 426, 4 Pac. 227; *Saunders* v. *Sioux City Nursery*, 6 Utah, 431, 24 Pac. 532; *Jolley* v. *Foltz*, 34 Cal. 321; *Cereghino* v. *District Court*, 8 Utah, 455, 32 Pac. 697. A commissioner has only the same power and jurisdiction as a justice of the peace. *People* v. *Hills* (Utah), 16 Pac. 405. There are other objections appearing of record, but we do not deem it necessary to consider them, The judgment of the court below is set aside, and the case dismissed, at plaintiff's costs.

BARTCH and SMITH, JJ., concur.