# ELIZABETH BRISCOE, RESPONDENT *v.* E. E. RICH, APPELLANT.

JURISDICTION—JUSTICE OF THE PEACE—SECS. 3019, 3021, AND 3537
C. L. U. 1888 — CONSTRUCTION BY SUPREME COURT — EXISTING
LAW — CONSTRUCTION OF STATUTES — SEC. 8, ART. 8, CONST. —
JURISDICTION OF JUSTICE OF THE PEACE—SEC. 687 NOT ENLARG-
MENT OF.

*Jurisdiction—Justice of the Peace.*
> A justice of the peace elected for a precinct embraced within
> the corporate limits of a city containing several precincts,
> may hold his court anywhere within such city under the pro-
> visions of Secs. 3019, 3021, 3537, C. L. U. 1888, and Sec. 687
> Rev. Stat.

*Existing Law—Construction of Statutes—Sec. 8, Art. 8, Const.*
> When Sec. 8, Art. 8, of the State Constitution was inserted in
> that instrument it had reference to the law then in force, and
> the construction of existing statutes by the Supreme Court
> was a part thereof.

*Jurisdiction of Justice of the Peace—Sec. 687 not Enlargement of.*
> Sec. 687 R. S. 1898, is not an enlargement of the jurisdiction of
> a justice of the peace as it stood at the time the Constitution
> was adopted. Said section is not in conflict with Sec. 8, Art.
> 8, of the Constitution.

(Decided October 20, 1899.)

Appeal from the Third District Court, Salt Lake
County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff to recover damages for personal
injuries. Action commenced before a justice of the peace
elected for the first precinct of Salt Lake City and judg-
ment for plaintiff. Defendant appeals and moves to dis-

miss the action because the justice of the peace held his court and tried the action in the fifth precinct of Salt Lake City, whereas he was elected for the first precinct of said city. Judgment was entered in the District Court in favor of the plaintiff, from which judgment defendant appealed. *Affirmed.*

*Messrs. Pierce, Critchlow & Barrette,* for Appellant.

The only question raised by this appeal is as to whether the justice of the peace, elected in and for the first Salt Lake precinct, had jurisdiction to try a case while sitting in the fifth Salt Lake precinct.

The constitution of the state provides: "The jurisdiction of the justices of the peace shall be as now provided by law, but the legislature may restrict the same." Constitution of Utah, Art. VIII, Sec. 8.

It only remains to inquire what the jurisdiction of the justices of the peace was at the time of the adoption of the constitution, to ascertain what it must be at the present time—unless the legislature has *restricted* it. Any attempt on the part of the legislature to increase or enlarge or extend the jurisdiction of justices of the peace from what it was at that time must of course be unconstitutional and void. So that when the legislature enacted that part of Sec. 687, Revised Statutes of Utah, which reads: " * * * ; *Provided,* that where more than one precinct is embraced within the limits of any incorporated city or town, the justices of the peace of such precincts may hold court at any place within their respective cities or towns" (Session Laws 1897, p. 263) we maintain that it passed an unconstitutional act, for the jurisdiction of the justices of the peace was not so "provided by law" at the time of the adoption of the constitution, nor is it a restriction of their jurisdiction.

Section 3019, Compiled Laws of Utah, 1888, which expresses the law as it then stood, is as follows:

"Every justice of the peace must hold a justice's court in the precinct or city for which he is elected or appointed." —Compiled Laws of Utah, 1888.

The construction of this section has not, we believe, been before this court for determination; but there seems to be no room for doubt that it laid the law down clearly that a justice elected in a particular precinct should hold his court within the territorial limits of the precinct for which he was elected, *and nowhere else.* Such was the construction placed upon it by the district courts; and such was the universal practice. And the very fact of the enactment of Section 687, Revised Statutes, attempting to widen the jurisdiction of justices of the peace and attempting to clothe them with authority to try cases in precincts other than their own, shows that such was the accepted construction.

And see the decisions of other states: *Black* v. *Henderson,* 14 Am. St. Reps. 138; *Phillips* v. *Thralls,* 26 Kan. 780; *Wilcox* v. *Johnson,* 34 Kan. 655; *A. T. & F.* v. *Rice,* 36 Kan. 593; *Hughes* v. *Melville,* 60 Ills. App. 419; *Foster* v. *McAdams,* 9 Texas, 542.

*Charles Stanley Price, Esq.,* and *Charles Baldwin, Esq.,* for respondents.

The only question raised by this appeal is as to whether Section 687, Revised Statutes of Utah, is unconstitutional.

Prior to and at the adoption of the constitution of this State, justices of the peace of Salt Lake City had jurisdiction over cases of injury to persons and property and other actions co-extensive with the limits of the city. Compiled Laws of Utah, 1888, Sec. 3537; subs. 3 and 9; *Saunders* v. *Nursery,* 6 Utah, 431.

The justice before whom the case was tried would have had jurisdiction without question both of the subject matter of the action and the person of the defendant under the law as it stood at the time of the adoptipn of the constitution. That being true, certainly the enactment of Sec. 687, Revised Statutes of 1898, did not enlarge his jurisdiction.

To argue that the effect of Section 687 of the Revised Statutes is to enlarge the jurisdiction of the justice of the peace is to our mind as palpably erroneous as it would be to argue that things which are equal to the same thing are *not* equal to each other.

MINER, J.

The record in this case shows that the plaintiff brought this action against the defendant to obtain damages for personal injuries before a justice of the peace elected in the first precinct for Salt Lake City, and recovered judgment therein.

The defendant appeals to this court, and moves to dismiss the action because the justice of the peace held his court and tried the action in the fifth precinct of Salt Lake City, whereas he was elected in the first precinct of Salt Lake City, but held no court in said last named precinct. The proof offered at the trial sustained the facts as stated in the motion. Judgment was entered in the district court in favor of the plaintiff, and the defendant appeals to this court.

The appellant here, as in the court below, contends that a justice of the peace elected in one precinct of a city having more than one precinct, is prohibited by section 8 of article 8, of the Constitution of this State, from holding his court in any other precinct of this city, and that section 687 of the Rev. Stat. 1898, enacted since the adoption of

the constitution, is an enlargement of the jurisdiction of a justice of the peace, and is prohibited by section 8, art. 8 of the constitution, which reads as follows: " * * The jurisdiction of a justice of the peace shall be as now provided by law, but the legislature may restrict the same."

Sec. 687, Rev. Stat. 1898, which appellant claims is in conflict with the constitution, reads, as follows: "Every justice of the peace shall reside in and shall hold a justice's court in the precinct or city for which he is elected; provided, that where more than one precinct is embraced within the limits of any incorporated city or town, the justices of the peace of such precincts may hold court at any place within their respective cities or towns."

Sec. 3019 C. L. U. 1888, embraced the laws in force at the time of the adoption of the constitution, and reads as follows: "Every justice of the peace must hold a justice's court in the precinct or city for which he is elected or appointed."

Sec. 3021, C. L. U. 1888, provides, "That, justices of the peace shall have concurrent jurisdiction with the district courts within their respective precincts and cities."

The question then is, whether Sec. 687 enlarges the jurisdiction of a justice of the peace beyond that possessed prior to the adoption of the constitution. If such jurisdiction is enlarged by section 687, and greater or enlarged jurisdiction is given such officers by such enactment than they possessed under the law in force prior to the adoption of the constitution, then the act in question was passed in violation of the restrictive provision of the constitution, and is consequently void.

From an examination of these several provisions of the statute we can discover no valid reason why Sec. 687 enlarges the jurisdiction of a justice of the peace beyond what

20 Utah.—23.

such courts possessed prior to the adoption of the constitution.

Under Sec. 3019, as it stood when the constitution was adopted a justice of the peace should hold a justice's court in the precinct or city in which he was elected.

If a precinct is embraced in an incorporated city containing several precincts he acts in compliance with the statute if he holds court within the city limits. This, as is contended, was the practice in this city when the constitution was adopted.

In construing Sec. 3021, above recited, and Sec. 3537 C. L. U. 1888, the Territorial Supreme Court, in Saunders v. Nursery Co. 6 Utah 431, placed substantially the same construction upon these provisions of the statute, and held section 3021 "Provides that justices of the peace shall have jurisdiction within their respective precincts or cities." And division 9, Sec. 3537, Comp. Laws Utah, 1888, provides that, unless the cause falls within an exception mentioned in the other eight divisions, the suit must be commenced in the precinct or city in which the defendant resides.

The service under consideration was governed by the ninth division; and, subject to the right to change the place of trial as provided by law, it requires the trial to be in such precinct or city. It is sufficient if the person to be served resides in the city in which the trial is to occur. In some states a defendant may be sued before any justice of the county. In order that parties may not be compelled to attend trial at distant and inconvenient places, the legislature of this territory has required the suit to be brought in the precinct or city in which the defendant resides. The boundaries of cities are not so extended as to make it inconvenient and burdensome for parties to attend trial before any justice within their limits."

When the provision was inserted in the constitution that "the jurisdiction of justices of the peace shall be as now provided by law, but the legislature may restrict the same," it had reference to the law then in force, and the construction of the statute by the Supreme Court became a part thereof.

We conclude that section 687 is not an enlargement of the jurisdiction of a justice of the peace, as it stood at the time the constitution was adopted, and that the same is valid.

The judgment of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J. concur.